IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIFFANY D. DUNHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1293-JWL |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.   Background**

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD and SSI, alleging disability beginning January 1, 2009. (R. 9, 153-67). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges that the Administrative Law Judge (ALJ) erred in his residual functional capacity (RFC) assessment by failing to conduct the narrative discussion analysis mandated by Social Security Ruling (SSR) 96-8p. The court finds no error.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such relevant evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.     Residual Functional Capacity Assessment

Plaintiff claims that the "ALJ's RFC is not explicitly related to any specific medical evidence or testimony," and that the ALJ did not "provide any type of reasonable narrative discussion as to how the medical evidence supports his arbitrary conclusion." (Pl. Br. 8). She argues that the ALJ "simply listed all the evidence contained in the record and then announced his conclusion," and that the "ALJ's RFC is overly vague as he did not provide the RFC in a function-by-function manner," but stated the RFC in exertional terms only. Id. at 10.

The Commissioner argues that the ALJ properly assessed Plaintiff's RFC. She points out that there is no need for the ALJ to cite a medical opinion or other affirmative evidence in the record that establishes specific functional limitations before making a finding assessing those limitations. (Comm'r Br. 4). She argues that the ALJ here made a function-by-function analysis in his discussion of the evidence supporting his RFC assessment, and she points to the ALJ's discussion of record evidence which in her view supports the RFC assessment and argues that the ALJ complied with the requirements of SSR 96-8p. (Comm'r Br. 9).

4

The court finds no error in the ALJ's RFC assessment.

RFC is an assessment of the most a claimant can do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); see also, White, 287 F.3d at 906 n.2. It is an administrative assessment, based on all the evidence, of how plaintiff's impairments and related symptoms affect her ability to perform work-related activities. Id.; see also SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 126 (Supp. 2013) ("The term 'residual functional capacity assessment' describes an adjudicator's findings about the ability of an individual to perform work-related activities."); SSR 96-8p, West's Soc. Sec. Reporting Serv., 144 (Supp. 2013) ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s) . . . may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). The Commissioner has provided eleven examples of the types of evidence to be considered in making an RFC assessment, including: medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 147 (Supp. 2013).

Although an ALJ is not an acceptable medical source qualified to render a medical opinion, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004). "And the

ALJ's RFC assessment is an administrative, rather than a medical determination." McDonald v. Astrue, 492 F. App'x 875, 885 (10th Cir. 2012) (citing SSR 96-05p, 1996 WL 374183, at *5 (July 1996)). Because an RFC assessment is made based on "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ." Dixon v. Apfel, No. 98-5167, 1999 WL 651389, at **2 (10th Cir. Aug. 26, 1999); 20 C.F.R. §§ 404.1545(a), 416.945(a). Moreover, the final responsibility for determining RFC rests with the Commissioner. 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927(e)(2), 416.946.

  The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2013). The ruling includes narrative discussion requirements for the RFC assessment. Id. at 149. The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. It must include consideration of the credibility of plaintiff's allegations of symptoms and consideration of medical opinions regarding plaintiff's capabilities. Id. at 149-50. If the RFC assessment conflicts with a

medical source opinion, the ALJ must explain why she did not adopt the opinion. Id. at 150.

The decision in this case fulfills the requirements of SSR 96-8p for assessment of RFC and for a narrative discussion explaining that assessment. The narrative discussion occupies four pages of the decision. (R. 12-15). In that space, the ALJ summarized the record evidence and Plaintiff's allegations in this case. He evaluated the credibility of Plaintiff's allegations of symptoms resulting from her impairments and explained his credibility finding and the basis behind it. In his credibility analysis the ALJ explained considerable evidence which also tends to support his RFC findings. (R. 12-14). Lastly, the ALJ explained his evaluation of the opinion evidence including the medical opinion of Dr. Sankoorikal, a specialist who treated Plaintiff for her fibromyalgia and submitted a medical source statement; the medical opinion of Dr. Parsons, a non-examining state agency consultant who reviewed the evidence and affirmed the RFC assessment form completed earlier by an agency single decisionmaker; and the opinions expressed in a report submitted by Plaintiff's husband. (R. 15) (citing Exhibits 3A, 14E, 8F, 12F).

Plaintiff's arguments that the RFC assessed by the ALJ does not relate to any specific evidence or testimony, and that the ALJ did not perform a function-by-function assessment of RFC are belied by the ALJ's discusion of Dr. Sankoorikal's medical source statement which the court reproduces here in its entirety:

> As for the opinion evidence, Dr. Sankoorikal completed a "Medical Source Statement Physical" (Exhibit 12F). Dr. Sankoorikal's report includes the results of a tender point examination, which revealed the presence of ten

> tender points on the claimant's body (Exhibit 12F, p. 1 ). Dr. Sankoorikal opined that the claimant can stand for 2 hours out of an 8-hour workday and sit for 4 to 6 hours out of an 8-hour workday. Dr. Sankoorikal also limited the clamant to lifting no more than 10 pounds (Exhibit 12F, p. 2). The undersigned has considered and given some weight to Dr. Sankoorikal's opinions. Obviously, as one of the claimant's treating physicians, he is familiar with the claimant and is in a good position to opine on her abilities and limitations. Thus, to the extent that Dr. Sankoorikal limits the claimant to sedentary work, the undersigned gives his opinion some weight. However, the record as a whole indicates that the claimant can perform the full range of sedentary exertional level work.

(R. 15). As the ALJ noted, Dr. Sankoorikal opined that Plaintiff can stand 2 hours in a workday, sit for 4 to 6 hours in a workday, and lift 10 pounds occasionally or frequently. (R. 437). These abilities constitute the ability to perform the full range of sedentary work as defined in the regulations. 20 C.F.R. §§ 404.1567, 416.967.

Although Dr. Sankoorikal also opined regarding additional limitations to the effect that Plaintiff can only stand for thirty minutes at a time, can only occasionally perform certain postural activities, and can only work 6 hours in a workday, the ALJ discounted those limitations because "the record as a whole indicates that the claimant can perform the full range of sedentary exertional level work." (R. 15). Other than Dr. Sankoorikal's medical source statement, Plaintiff does not point to any other record evidence requiring a finding that Plaintiff is limited to less than the full range of sedentary work. Nor does the court's review find such evidence.

The ALJ's evaluation of Dr. Sankoorikal's opinion and his determination to accord it "some weight" to the extent it limits Plaintiff to sedentary work, reveals both that he related his RFC assessment to the record evidence and that he performed a function-by-

8

function assessment of Plaintiff's abilities before he expressed them in terms of the exertional level of sedentary work. The fact that the ALJ's finding (that Plaintiff is able to perform the full range of sedentary work) appears in the decision before his function-by-function assessment of Plaintiff's abilities is merely a function of the fact that the Commissioner has chosen to organize her decisions by stating the findings of fact and conclusions of law in numbered sentences, and thereafter explaining the bases for her findings and the rationale upon which she relied to arrive at the conclusions.

As the Commissioner's brief suggests, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) (citing Howard, 379 F.3d at 949; Wall, 561 F.3d at 1068-69). The narrative discussion required by SSR 96-8p to be provided in an RFC assessment does not require citation to a medical opinion, or even to medical evidence in the administrative record for each RFC limitation assessed. Castillo v. Astrue, No. 10-1052, 2011 WL 13627, *11 (D. Kan. Jan. 4, 2011). "What is required is that the discussion describe how the evidence supports the RFC conclusions, and cite specific medical facts and nonmedical evidence supporting the RFC assessment." Id. See also, Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, *13 (D. Kan. Apr. 4, 2011). The decision under review meets these requirements, and Plaintiff does not point to record evidence which requires a finding different than that reached by the ALJ.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 22nd day of November 2013, at Kansas City, Kansas.

                                                    s:/ John W. Lungstrum
                                                    **John W. Lungstrum**
                                                    **United States District Judge**